# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2105012268 |
| | ) | |
| CARLYLE BRATHWAITE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On this 12th day of November, 2024, upon consideration of Defendant Carlyle Brathwaite's ("Defendant") *pro se* Motion for Correction of Illegal Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35 (a),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On July 29, 2022, Defendant pled guilty to Manslaughter.[2] On August 10, 2022, the Court sentenced him to twenty years of Level V supervision, suspended after eight years for six months of Level IV supervision, followed by one year of Level III supervision.[3]

2. On September 26, 2023, Defendant filed a motion for sentence reduction pursuant to Rule 35(b), in which he asked this Court to order his immediate

---

[1] D.I. 27 (the Motion).
[2] D.I. 21 (Plea Agreement).
[3] D.I. 22 (Sentence Order).

release from incarceration to Level IV or Level III supervision.[4] On January 2, 2024, this Court denied that motion because (1) it was procedurally barred as untimely; (2) no extraordinary circumstances were present that would justify waiving the 90-day filing deadline; and (3) immediate release was inconsistent with Defendant's minimum mandatory sentence for Manslaughter.[5]

3. On April 24, 2024, Defendant filed a Rule 59(e) motion for reconsideration, in which he asked the Court to reconsider its January 2, 2024 denial of his motion for sentence reduction.[6] In support, Defendant asserted that he asked his attorney to file a motion for sentence reduction within the ninety-day window after he was sentenced, but his attorney allowed the filing deadline to pass.[7] Accordingly, Defendant contended that because he is not personally at fault for his late filing of the motion for sentence reduction, the Court should have considered that motion as timely.[8] On July 8, this Court denied that motion because (1) it was procedurally barred as untimely; (2) Defendant failed to provide factual support for his contention; and (3) Defendant failed to address other grounds upon which the

---

[4] D.I. 23 (Mot. Sentence Modification). Defendant did not specifically cite to Rule 35(b), but he asked the Court to reduce the duration of his sentence.

[5] *State v. Brathwaite*, 2024 WL 32887, at *1 (Del. Super. Jan. 3, 2024).

[6] D.I. 25 (Def.'s Mot. Reconsideration). Defendant did not specifically cite to Rule 59(e) in the motion, but he asked the Court to reconsider its denial of his motion for sentence reduction.

[7] *Id.*

[8] *Id.*

Court denied his sentence modification request, such as the statutory minimum mandatory sentence.[9]

4.    On August 13, 2024, Defendant filed this Motion to yet again challenge his sentence, on two grounds.  First, Defendant contends that the Court committed "plain error" under Rule 52(b) by not informing him of the 90-day limitation for filing a Rule 35(b) motion.  Second, Defendant claims that his counsel was ineffective in the representation by failing to file a motion for sentence reduction within the Rule 35(b) 90-day window.  Defendant contends that he was prejudiced as a result because "the Court would have most likely granted a reduction/modification."[10]  Accordingly, Defendant requests the Court to appoint a new counsel and allow a reduction or modification of his sentence.[11]

5.    Rule 35(a) provides that the Court "may correct an illegal sentence at any time."[12]  Rule 35(a) is limited to situations where the sentence imposed exceeds statutorily-authorized limits, violates double jeopardy, "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[13]  The function of Rule

---

[9] D.I. 26 (Order Denying Def.'s Mot. Reconsideration)
[10] D.I. 27.
[11] *Id.*
[12] Super. Ct. Crim. R. 35(a).
[13] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (internal citations omitted).

3

35(a) is limited to correction of an illegal sentence.[14]  A proceeding under Rule 35(a) "presupposes a valid conviction" and does not re-examine errors that occurred prior to the imposition of sentence.[15]

6.      Defendant first argues that a new sentence is required due to "plain error."[16]  This argument is unavailing.  When a "plain error" at trial was "so clearly prejudicial to [a defendant's] substantial rights as to jeopardize the very fairness and integrity of the *trial*,"[17] a new trial or a reversal of the defendant's conviction is warranted.[18]  "The doctrine of plain error is limited to material defects which are apparent on the face of the record, which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[19]

7.      Contrary to Defendant's contention, the Court is not obligated to inform him of the 90-day limitation of Rule 35(b), especially when he was represented by counsel, nor does the failure to do so constitute "plain error."  The Court is not required to re-sentence Defendant simply because his request for sentence modification was barred, among other reasons, because of the 90-day limitation.

---

[14] *Id.* (internal citation omitted).

[15] *Id.* (internal citations omitted).

[16] *See* D.I. 27.

[17] *Dutton v. State*, 452 A.2d 127, 146 (Del. 1982) (emphasis added).

[18] *See State v. Freeman*, 2023 WL 6299437, at *1 (Del. Super. Sept. 27, 2023) (new trial); *Baker v. State*, 906 A.2d 139, 148 (Del. 2006) (reversal of conviction).

[19] *See Dutton v. State*, 452 A.2d 127, 146 (Del. 1982); *Baker v. State*, 906 A.2d 139, 148 (Del. 2006) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

Defendant's argument also does not claim that the sentence is in any way illegal *based on his conviction*. Accordingly, this argument fails under Rule 35(a).

8. Defendant's second argument is also inappropriate for consideration under Rule 35(a). The proper procedural vehicle to raise a claim of ineffective assistance of counsel and to request appointment of counsel is a postconviction motion under Rule 61.[20]

9. Even if considered as a motion for postconviction relief pursuant to Rule 61, the Motion is still unavailing. For one, it is time-barred because it was filed almost two years after the judgment of conviction became final.[21] Defendant's argument that he was prejudiced when his counsel failed to move for sentence reduction within the 90-day window is also without merit. The Court sentenced Defendant after reviewing all the relevant facts and circumstances surrounding the crime and Defendant's background. In reviewing Defendant's Rule 35(b) motion for sentence reduction and Rule 59(e) motion for reconsideration, the Court considered the grounds Defendant raised in support of the motions.[22] The Court saw

---

[20] *Cochran v. State*, 935 A.2d 255 (Del. 2007) (Table).
[21] Super. Ct. Crim. R. 61(i)(1).
[22] *See State v. Brathwaite*, 2024 WL 32887, at *1 (Del. Super. Jan. 3, 2024); D.I. 25. In his Rule 35(b) motion, Defendant stated that (1) he has participated in programs and obtained his GED while incarcerated; (2) his criminal conduct was performed in self-defense; (3) he plans to leave the geographic area and its influences to go work with his father; and (4) he plans to continue participating in counseling to become a productive member of society. *See* 2024 WL 32887, at *1 (Del. Super. Jan. 3, 2024). Those factors do not provide a valid basis to reduce his sentence. *See State v. Weidow*, 2015 WL 1142583, at *2 (Del. Super. Mar. 11, 2015) ("However, remorse and positive behavior while incarcerated are not bas[es] to modify or reduce a sentence that was

5

no reason to modify his sentence back then, and it sees no reason to do so now. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Moreover, as the Court repeatedly stated, Defendant's request for sentence reduction could not succeed because it would illegally abrogate the minimum mandatory sentence imposed upon him.[23] Therefore, even assuming *arguendo* that Defendant's counsel was ineffective, Defendant's ineffective assistance claim fails because he suffered no prejudice.[24]

    10. For the foregoing reasons, Defendant's Motion for Correction of Illegal Sentence is hereby **DENIED**.

    **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Carlyle Brathwaite (SBI#00656653)

---

appropriate at the time of sentencing."); *State v. Baker*, 2020 WL 3060577, at *3 (Del. Super. June 9, 2020) ("Education, maturation, and insight are not grounds for release.").
[23] 11 *Del. C.* § 4205(b)(2).
[24] *See Brown v. State*, 599 A.2d 411 (Del. 1991) (Table); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).